Johnson, C. J. The point first raised in the progress of the trial below, relates to the propriety of permitting the defendant to use, as evidence, an account of Pitcher, Officer & Co. against him. The account most assuredly could neither prove nor tend to prove either of the issues tendered by the pleas. The plaintiff did not count upon it, nor had he made such a showing as called for it, or even authorized the defendant to use it. It was, therefore, wholly irrelevant under the issues, and, consequently, the court should have excluded it. The court therefore clearly erred upon this point; yet, as the account could have had no possible influence upon the verdict, it is not sufficient cause for a reversal of the judgment. The next and main question involves the correctness of the decision in admitting a bill of exchange, purporting to have been drawn by Lewis Milliner, upon Pitcher, Officer & Co., and in favor of the testator of the defendant. The argument is, that the execution of the instrument sued upon, it being subsequent, in point of time, to the date of the bill of exchange, raises a presumption of its payment. We cannot recognize the correctness of this doctrine. It is conceded that the execution of a note furnishes a strong presumption in favor of a liquidation of all accounts, before its date, between the parties. This legal presumption is predicated upon the fact that the note is higher in grade as evidence; and such being the case, it is entirely reasonable tbat it should be regarded as a final settlement of all prior accounts, and that such presumption should prevail unless rebutted and overturned by competent proof. The presumption of payment cannot attach where the opposing evidences are of equal dignity. We do not conceive it necessary to examine the doctrine of presumptions any further, as it is not necessary to the decision of this case. The present plaintiff rests his claim upon a blank assignment, and under our statute the defendant is entitled to fix the assignment on such day as shall be most to his advantage. The bill, it is admitted, was drawn before the execution of the note, and, consequently, before the endorsement to the plaintiff; yet it does not follow that the acceptance, which fixed the liability of the assignors was prior in point of time to the date of the note or subsequent to that oí the endorsement. It would be manifestly to the advantage of the defendant to suppose that the endorsement was made subsequent to the acceptance of the bill, and there is nothing in the record that conflicts in the least with that supposition. Upon this hypothesis the bill would have been good as a set-off in an action by the assignors of the'note, and as a matter of course is equally available against the plaintiff, as it was passed to him subject to every legal defence that then existed against it. But a still stronger view of the case, in favor of the defendant, is easily conceivable. We will suppose that the testator, who was the payee of the bill, did not long retain the possession, but that he parted with it in the course of trade, and even remained out of the possession until the execution of the note, which is now the subject of this suit. This might all have taken place, and yet he might again have possessed himself of it before the endorsement of the note, and thereby placed himself in the same state and condition that he occupied before he parted with it. Upon the supposition of either state of case there can be no doubt of his right to use the bill as a set-off to the note. We are clear, therefore, that there is no error in this branch of the case; and that therefore the judgment of the circuit court ought to be affirmed. The judgment of the circuit court of Pulaski county, herein rendered, is therefore, in all things, affirmed with costs.